# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:18 CR 86

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)     **ORDER**<br>FRANCISCO ESCAMILLA VILLA, )<br>)<br>                        **Defendant.** )<br>_____ ) | |

This matter is before the Court upon Defendant's Motion to Seal Attachment 2 to Supplemental Memorandum ("Motion to Seal") (Doc. 30). Specifically, Defendant seeks an order sealing a document consisting of three (3) pages of an Accurint Report that is cited by Defendant's Supplemental Memorandum (Doc. 29), which memorandum itself is submitted in support of Defendant's pending Motion to Suppress (Doc.16). A redacted copy of Attachment 2 has been filed and appears as sealed Document 31 on the docket. While certain information has been redacted, other information regarding a non-party remains on that document and therefore Defendant contends that sealing is warranted. Doc. 30 at 1.

As an initial matter, the Motion to Seal cites Local Criminal Rule 32.5(d) and Local Civil Rule 6.1 as authority for sealing Attachment 2. However, Local Criminal Rule 32.5 pertains to sentencing memoranda, exhibits, and supporting letters while Local Civil Rule 6.1 addresses "civil case proceedings." Consequently, neither of these provisions are applicable here. The Court, though, may still consider the Motion to Seal pursuant to its general supervisory power over its own records. See In re Knight Pub. Co., 743 F.2d 231,

235 (4th Cir. 1984).

A court reviewing a motion to seal must weigh the public's common law right to inspect judicial records against other competing interests and "may, in its discretion, seal documents if the public's right of access is outweighed by [those] competing interests." United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018) (internal citations omitted). "In making the decision, the court should consider less restrictive alternatives to sealing [that] provide an adequate record for review and should state the reasons for its decision [with] specific findings." Id. (internal quotations and citations omitted).

In this case, public notice of Defendant's request to seal has been given. Defendant's Supplemental Memorandum (Doc. 29) and Motion to Seal (Doc. 30) were filed on December 11, 2018 and have appeared on the Court's docket since that time. Accord Painter v. Doe, No. 3:15-CV-369-MOC-DCK, 2016 WL 3766466, at *5 (W.D.N.C. July 13, 2016) (filing of motions in ECF as notice of potential for sealing). The Government filed its response in opposition to Defendant's Supplemental Memorandum on December 18, 2018 (Doc. 35) but has not submitted a response to the Motion to Seal, and the time for doing so has expired. Therefore, the Court presumes that the Government does not object to the relief sought by the Motion to Seal.

Nonetheless, considering less drastic alternatives, the sealing of Attachment 2 is not warranted as the pertinent information in Attachment 2 is cumulative of other information in the record. That is, Attachment 2 is referenced once in Defendant's Supplemental Memorandum and is cited in support of Defendant's argument concerning the location of the traffic stop at issue and the resulting authority of the officers involved. See Defendant's

Supplemental Memorandum to Motion to Suppress (Doc. 29) at 2. Additional information to support Defendant's argument on this point, however, has been offered by Defendant, namely testimony during the hearing and Attachment 1 to Defendant's Supplemental Memorandum. To the extent Attachment 2 is being offered as further evidence of the address where the stop occurred and the identity of the owner of the property, this information is already in the record. The filing of another copy of Attachment 2 with all other information redacted would therefore be an appropriate alternative to sealing Attachment 2 as it currently exists.

Accordingly, Defendant's Motion to Seal Attachment 2 to the Supplemental Memorandum (Doc. 30) is **DENIED,** and the sealed copy of Attachment 2 currently on the docket (Doc. 31) is hereby **STRICKEN**. Defendant is **GIVEN LEAVE** up to and including January 9, 2019 within which to file on the public docket a further redacted version of Attachment 2, should he so choose.

Signed: December 28, 2018

W. Carleton Metcalf
United States Magistrate Judge